UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES NORMAN, JR.,

                Petitioner,         CASE NO. 13-13699
                                           HONORABLE ARTHUR J. TARNOW

v.

CINDI CURTIN,

                Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS [dkt. 3]

I.

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner James Norman, Jr. ("Petitioner") was convicted in the Genesee Circuit Court of second-degree murder and felony-firearm. Petitioner habeas application raises one claim: Petitioner's state and federal constitutional rights were violated where his attorney was ineffective and coerced him to take a plea when he had a valid defense. The matter is before the Court on Petitioner's motion to stay his habeas proceeding so that he may exhaust an additional two claims: (1) the sentencing guidelines were incorrectly scored; and (2) Petitioner was denied the effective assistance of counsel at sentencing and on appeal. For the reasons stated below, the Court grants Petitioner's motion.

II.

Following Petitioner's conviction, he filed an application for leave to appeal in the Michigan Court of Appeals, raising his habeas claim. On February 8, 2012, the Michigan Court of Appeals denied leave to appeal. *People v. Norman*, No. 307828 (Mich. Ct. App. Feb. 8, 2012). On June 25, 2012, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed. *People v. Norman*, No. 144867 (Mich. Sup. Ct. June 25, 2012). For statute-of-limitations purposes, his conviction became final 90 days later, when the time for filing a petition for writ of certiorari expired, on or about September 25, 2012. See *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

Petitioner states that he filed a motion for relief from judgment in the trial court which raises the two additional claims he wishes to exhaust on October 3, 2012. He states that this motion is still pending in the trial court, that he has made inquiries about its status, but the court has not responded to them.

III.

Petitioner's motion states that he wants his habeas petition to be stayed and held in abeyance pending exhaustion of his state court remedies with respect to his two new claims.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process");

*Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. See *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. See *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. See *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available in circumstances where the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Because of concerns regarding the statute of limitation, the Court will grant Petitioner a stay.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to complete post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner timely pursuing his state court remedies in the Michigan Court of Appeals and Michigan Supreme Court following the disposition of his motion for relief from judgment in the trial court, then returning to federal court within sixty (60) days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

## IV. Order

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance is **GRANTED**. Petitioner must timely pursue his state court remedies in the Michigan Court of Appeals and Michigan Supreme Court following the disposition of his motion for relief from judgment in the trial court.

Petitioner shall notify this Court when his post-conviction appeal papers have been filed in the Michigan Court of Appeals and Michigan Supreme Court. Petitioner shall then refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  September 12, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant